IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:25-12752-JDA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| South Carolina Department of Employment Work; South Carolina Department of Administration, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Clarence B. Jenkins, Jr., proceeding *pro se*, brings this employment case pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that the Complaint should be summarily dismissed without prejudice and without issuance and service of process.[2]

---

[1] Plaintiff also purports to bring claims pursuant to the Fourteenth Amendment and the "Deprivation Act," 18 U.S.C. § 242. (See ECF No. 1 at 1.) However, even liberally construed, the court is unable to discern a plausible Fourteenth Amendment claim from Plaintiff's allegations and there is no private right of action under 18 U.S.C. § 242. See Dingle v. Baggett, C/A No. 5:19-34-D, 2019 WL 3194834, at *3 (E.D.N.C. July 12, 2019) ("[N]either 18 U.S.C. § 241 nor 18 U.S.C. § 242 creates a private right of action.").

[2] Plaintiff submitted an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO240), which the court construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915. (ECF No. 3.) A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is granted.

I.       **Factual and Procedural Background**

Plaintiff generally alleges that Defendant South Carolina Department of Employment and Workforce ("SCDEW") has barred him from submitting employment applications in retaliation for submitting claims of discrimination against them to the Equal Employment Opportunity Commission ("EEOC"). Plaintiff specifically alleges that SCDEW added a notation to his profile within the online system for applying for jobs at South Carolina state agencies indicating that Plaintiff is "barred from applying." Plaintiff alleges that he has been receiving emails from SCDEW since 2021 notifying Plaintiff of job referrals. He claims that he has unsuccessfully requested to no longer receive these emails and that they are frequent and intimidating. Plaintiff does not specify what relief he seeks.

II.      **Discussion**

A.       **Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly,

550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.     Analysis

As detailed in the chart below, Plaintiff raised mostly identical claims in two previous cases, Jenkins v. Office of the South Carolina Governor, C/A No. 3:23-4593-JDA ("Jenkins I") and Jenkins v. Office of South Carolina Governor, C/A No. 3:25-7256-JDA ("Jenkins II").

| Case | Civil Action Number | Claims Alleged | Disposition |
|---|---|---|---|
| Jenkins v. Office of the South Carolina Governor, et. al. ("Jenkins I") | 3:23-4593 | <ul><li>Title VII discrimination</li><li>Title VII retaliation</li><li>Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq.</li></ul> | Plaintiff's claims involved the same allegations concerning a notation in his electronic employment file and SCDEW's denial of an interview in November 2022.  The court summarily dismissed the following defendants: Office of the South Carolina Governor, South Carolina Department of Administration, South Carolina Office of Inspector General, South Carolina Human Affairs Commission, South Carolina Department of Public Safety, Richland County Government, and South Carolina Secretary of State. (See ECF No. 72.)  The court allowed Plaintiff's claims against SCDEW to proceed but ultimately granted |

| | | | |
|---|---|---|---|
| | | | SCDEW's motion for judgment on the pleadings and dismissed Plaintiff's claims against SCDEW with prejudice. (Id.)  Plaintiff moved for reconsideration, which the court denied.  Plaintiff then appealed to the United States Court of Appeals for the Fourth Circuit.  The Fourth Circuit affirmed the court's decision on January 27, 2025 and issued the mandate and judgment on March 5, 2025. |
| Jenkins v. Officer of the South Carolina Governor, et. al. ("Jenkins II") | 3:25-7256 | <ul><li>Title VII discrimination</li><li>Title VII retaliation</li><li>Americans with Disabilities Act</li><li>Fourteenth Amendment</li><li>Deprivation Act, 18 U.S.C. § 242</li></ul> | In a pending Report and Recommendation, the court recommends summarily dismissing the case because: (1) Plaintiff's Title VII claims against SCDEW are duplicative of those asserted in Jenkins I, (2) Plaintiff fails to state a plausible claim under the ADA, and (3) Plaintiff fails to adequately allege claims against the remaining defendants.  (See ECF No. 8.) |
| Current Complaint | | <ul><li>Title VII discrimination</li><li>Title VII retaliation</li><li>Americans with Disabilities Act</li><li>Fourteenth Amendment</li><li>Deprivation Act</li><li>Harassment</li></ul> | |

1. **Duplicative Title VII and ADA Claims**

The court concludes that Plaintiff's Title VII and ADA claims against SCDEW are duplicative and should be dismissed as frivolous. Generally, duplicative litigation within the federal courts is disfavored. See generally Stone v. Dep't of Aviation, 453 F.3d 1271, 1278 (10th Cir. 2006) ("A plaintiff's obligation to bring all related claims together in the same action arises under the common law rule of claim preclusion prohibiting the splitting of actions."); Motley Rice,

LLC v. Baldwin & Baldwin, LLP, 518 F. Supp. 2d 688, 697 (D.S.C. 2007) (quoting Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993)).  Therefore, courts should dismiss successive actions that are duplicative or redundant of cases already filed in the same court.  See Cottle v. Bell, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e).") (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992)); McWilliams v. State of Colo., 121 F.3d 573, 574 (10th Cir. 1997) (" 'Repetitious litigation of virtually identical causes of action' may be dismissed under § 1915 as frivolous or malicious.") (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir.1988)); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989) ("To this end, IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."); see also Brown v. Plansky, 24 F. App'x 26, 27-28 (2d Cir. 2001) (affirming the district court's *sua sponte* dismissal of a complaint that was duplicative of an action previously brought by the plaintiff).  Here, Plaintiff alleges the same set of facts against the same defendant and thus presents clearly duplicative claims.

    **2.    New Allegations of Harassment**

In the Complaint, Plaintiff includes a new claim for "harassment."  Plaintiff alleges that he has received harassing and intimidating job referral emails from SCDEW through SC Works, SCDEW's employment portal.  He alleges that he "would make requests to SCDEW Employees of S. Richardson Sellers and D. Miller in 2025 by return emails to stop sending job referrals because SCDEW has SECRETLY BLACKBALLED with 'BARRED FROM APPLYING' along with an ADMISSION of taking action to deny employment opportunities . . . therefore this is

employment discrimination, harassment, retaliation and hostility." (ECF No. 1 at 3.) These emails formed the basis of Plaintiff's most recent complaint to the EEOC. However, the court cannot discern a plausible federal cause of action from Plaintiff's vague, conclusory allegations. Plaintiff merely alleges that he has unsuccessfully unsubscribed from an email list. He provides no legal authority to support a claim for such alleged activity.

### 3. Remaining Defendant – South Carolina Department of Administration

In Jenkins I, the court informed Plaintiff through an Order Regarding Amendment and subsequent Report and Recommendation that he had failed to adequately allege claims against the remaining defendants, including the South Carolina Department of Administration. Further, in finding that the court properly summarily dismissed the remaining defendants in Jenkins I, the Fourth Circuit noted that Plaintiff failed to allege that he applied for any positions with those defendants. Despite these repeated warnings, Plaintiff's Complaint fails to allege facts plausibly suggesting that he applied for and was denied positions with the South Carolina Department of Administration. In fact, Plaintiff's Complaint does not contain any allegations of wrongdoing by the Department of Administration.

### III. Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

October 22, 2025  
Columbia, South Carolina

*[signature: Paige J. Gossett]*  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).