IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | Case No. 3:25-cv-12752-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| South Carolina Department of Employment Work, South Carolina Department of Administration, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, Plaintiff's motion to establish judicial misconduct, and Plaintiff's motion to submit additional documented evidence to establish justification. [Docs. 1; 8; 10; 15.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings.

On October 21, 2025, Plaintiff filed a motion to establish judicial misconduct. [Doc. 8.] On October 22, 2025, the Magistrate Judge issued a Report recommending that this action be summarily dismissed without prejudice and without issuance and service of process. [Doc. 10.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 7.] On November 5, 2025, Plaintiff filed objections to the Report. [Doc. 14.] On November 14, Plaintiff filed a motion to submit additional documented evidence to establish justification. [Doc. 15.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Report explains that Plaintiff's Title VII and ADA claims against Defendant South Carolina Department of Employment are duplicative and should be dismissed as frivolous; that his "harassment" claim contains vague, conclusory allegations that do not state a plausible federal cause of action; that Plaintiff fails to plausibly state any claim against Defendant South Carolina Department of Administration; and that Plaintiff also fails to state a claim pursuant to the Fourteenth Amendment or 18 U.S.C. § 242. [Doc. 10 at 1–6 & n.1.] In his objections, Plaintiff does not engage the Magistrate Judge's analysis. [Doc. 14.]

Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such

review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED without prejudice and without issuance and service of process. Plaintiff's motion to establish judicial misconduct [Doc. 8] is DENIED.[1] Plaintiff's motion to submit additional documented evidence to establish justification [Doc. 15] is FOUND AS MOOT.[2]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 18, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] Plaintiff's motion merely alleges, in conclusory fashion, that the Magistrate Judge has committed errors and misconduct in this and other particular cases and in dismissing these cases without service of process. [Doc. 8.] He requests that this Court "accept this RESPONSE to justify a lawsuit against All Defendants and to properly apply Justice according to the law(s)." [*Id.* at 3.]

[2] The motion is found as moot because consideration of the additional evidence would not change the conclusion that this case is subject to summary dismissal.